IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
3/26/2021
JEFFREY P. COLWELL, CLERK

Civil Action No. _____

DELBERT SGAGGIO

   a. Plaintiff,

v.

Julie Gonzales Official capacity and Personal,

Jared Polis in Official capacity,

State of Colorado.

Defendant

---

COMPLAINT AND JURY TRIAL DEMAND

---

Pro Se I Delbert Sgaggio respectfully brings the following complaint and Jury trial Demand.

1

## **Introduction**

2. I am a journalist, I specialize in police misconduct, matters of civil rights, constitutional violations by public servants, matters of prejudice and racism. I am also an Asian /American who believes that rights given to me by god/nature shall not be infringed upon.

3. In the First Amendment, the Founding Fathers gave the free press the protection it must have to fulfill its essential role in our democracy. The press was to serve the governed, not the governors. The Government's power to censor the press was abolished so that the press would remain forever free to censure the Government. New York Times Co. v. United States P.403 U.S. 717.

4. In 2018, social media platforms, like Facebook, provide "perhaps the most powerful mechanisms available to a private citizen to make his or

her voice heard." Packingham v. North Carolina, 137 S. Ct. 1730, 1737 (2017).

5. Facebook allows any person with an internet connection to "become a town crier with a voice that resonates farther than it could from any soapbox." Reno v. American Civil Liberties Union, 521 U.S. 844, 870 (1997).

## PARTIES

6. Delbert Sgaggio is a citizen of the United States and State of Colorado who was born on the Airforce Academy, he is a native of Colorado Springs and the State of Colorado.  Mr. Sgaggio had been a resident his entire life.

7. Defendant  state of Colorado is the governing entity of the people of Colorado.  Created by an acting pursuant to, and limited by, the Constitution of Colorado and the United States Constitution.

8. Jared Polis was and is the Governor of Colorado and is a resident of Colorado during the relevant times of this complaint.

9. Julie Gonzales is and was a Senator of Colorado and is a resident of Colorado during the relevant times of this complaint.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441. This action is authorized and instituted pursuant to 42 U.S.C. § 1983 and the State Law of Colorado. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).

## Factual Allegations

11. I was watching a live stream, on hearing on House bill 19 –1177. When Julie Gonzales made her comments on the bill HB19-1177 she was clearly for it. I was upset her position on the bill. She said something to the effect of this bill will save lives and we need to pass it. She never mentions due process rights that HB 19-1177 violates. The creation of a

civil search warrant would be detrimental to the residence of Colorado especially minorities, and those who live in the poor part of the community.  The house bill HB19-1177 also violated due process.

### House Bill 19-1177 Extreme Risk Protection order.

12. "The bill creates the ability for a family or household member or a law enforcement officer to petition the court for a temporary extreme risk protection order (ERPO)."[1]

13. This is not acceptable to me.  I have already endured a ridiculous amount of unconstitutional searches by law enforcement.  By giving police the power to initiate their own search warrant, based on the vagueness of me being a danger to myself or others would undoubtedly result in more injuries and more illegal searches against me.  This would also result in violations of my first amendment since, I am very vocal, on social media platforms. Retaliation would be even easier, Public servants will target

---

[1] https://leg.colorado.gov/sites/default/files/documents/2019A/bills/2019a_1177_01.pdf

me. But instead of a banned button, it will be an unconstitutional search of my house and seizure of my property.

14. The (ERPO) law also does not guarantee the right to a jury trial, and does not prevent the use of hearsay evidence.

15. After doing my research about the law, I decided it was about time to post my Free Speech / Petition the Government for redress and journalism.

16. I like the use of Memes for multiple reasons, a picture is worth 1000 words, a picture with words on it, this is my Free Speech/ but also my petition to the government to redress my grievances/ My journalism intertwined with political satire, not fake news. Everything I report is 100% facts.

17. I post my journalism on the public servants Facebook page that I am investigating and doing my story on.

18. On or around March 28th, 2019 I posted free speech / petitioned the Government for a redress, and journalism; on Senator Julie Gonzales official Facebook Page.

19. I posted a picture of Julie Gonzales with a Phrase, I typed over the picture. This is consider a modern day Meme. " I AM A GUN GRABBING BITCH WHO LOVES TO PISS ON THE CONSTITUTION AND THE PEOPLE OF COLORADO."

20. Defendant Gonzales was attempting to fast track pass unconstitutional a law that would affect myself as well as my community. Julie Gonzales is pushing her political party's agenda. Defendant Gonzales is not honoring her oath. Julie Gonzales is not protecting my rights.

21. The use of Julie Gonzales official senator's Facebook page, was to communicate with the public.

22. 

23. 

9

24. I checked back on my Comment and noticed, that defendant Julie Gonzales both banned me from her senator page and my comment was removed. I realized this on or about April 25, 2019

25. 

## **CLAIM ONE**

## **42 U.S.C. § 1983 – First Amendment Free Speech/Redress/Free Press**

(All Defendants)

26. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

27. At all times relevant to this Complaint, Defendants was acting under the color of law.

28. I was engaged in First Amendment-protected speech/redress and journalism in my commenting on Defendant's Julie Gonzales official Senators Facebook page.

29. By banning me from Julie Gonzales official Senators Facebook page, and deleting my comments, Defendant Julie Gonzales prevented me from exercising my First Amendment rights, including my right to speak freely, to petition the government for redress, and Free press.

30. Julie Gonzales, banning of Plaintiff from commenting on posts on his official and personal Facebook page, and the deletion of his comments, was a viewpoint-based restriction on speech.

31. Defendant's Julie Gonzales official Senators Facebook page, is a designated public forum Defendant's Julie Gonzales conduct violated clearly established rights belonging to Plaintiff of which reasonable persons in Defendant's position knew or should have known.

32. Viewpoint-based prior restraint on speech has been widely known as being unconstitutional for more than eight decades. See Near v. Minnesota, 283 U.S. 697 (1931).

33. Defendant Julie Gonzales being a senator, is a final policymaker for the State of Colorado, and her actions in this matter has the effect of Colorado custom, policy, and practice.

34. Defendant Jared polis should have supervised and stopped the unconstitutional actions committed by Julie Gonzales.

35. The State of Colorado's customs, policies, and/or practices were the moving force behind Defendant's Julie Gonzales violation of Plaintiff's constitutional rights. Defendant's actions and/or omissions caused, directly and proximately, Plaintiff to suffer damages.

36. The acts and inactions of Defendants caused Plaintiff damages in that he was prevented from speaking freely, redress of government and free press on a matter of public concerns, among other injuries, damages, and losses.

## CLAIM TWO

### 42 U.S.C. § 1983 – First Amendment Retaliation

(Julie Gonzales.)

37. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

38. At all times relevant to this Complaint, Defendant Julie Gonzales was acting under the color of law.

39. I was engaged in First Amendment-protected speech in his commenting on Defendant's Julie Gonzales official Senators Facebook page.

40. My Speech was on a matter of public concern and did not violate any law.

41. Defendant responded to Plaintiff's First Amendment-protected activity with retaliation, including but not limited to, deleting his comments, and banning him from commenting on Defendant's Julie Gonzales official Senators Facebook page.

42. Defendant's retaliatory actions were substantially motivated by Plaintiff's exercise of his First Amendment rights.

43. By banning me and deleting my comments, Defendant sought to punish me for exercising my First Amendment rights, to silence my future speech, to stop me from petitioning of government for redress, and stopped my free press Defendant's retaliatory actions would chill a person of ordinary firmness from engaging in First Amendment-protected activity.

44. Defendant's conduct violated clearly established rights belonging to Plaintiff of which reasonable persons in Defendant's position knew or should have known.

45. Viewpoint-based prior restraint on speech has been widely known as being unconstitutional for more than eight decades. See Near v. Minnesota, 283 U.S. 697 (1931).

46. Retaliation against an individual based on his First-Amendment-protected speech has been clearly established in the Tenth Circuit for almost two decades. Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000).

47. Defendant Julie Gonzales , as Senator , is a final policymaker for the State of Colorado, and his actions in this matter has the effect of Colorado custom, policy, and practice.

48. The State of Colorado's customs, policies, and/or practices were the moving force behind Defendant's violation of Plaintiff's constitutional rights.

49. Defendant engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

50. Defendant's actions and/or omissions caused, directly and proximately, Plaintiff to suffer damages. The acts and inactions of Defendant caused Plaintiff damages in that he was prevented from Free speech/ redress of the government and Free Press on a matter of public concerns, among other injuries, damages, and losses.

## PRAYER FOR RELIEF WHEREFORE,

51. Plaintiff respectfully request that this Court enter judgment in his favor and against Defendant, and award him all relief as allowed by law and equity, including, but not limited to the following:

    a. Declaratory relief and injunctive relief;
    b. Compensatory damages as allowed by law, including, but not limited to those for past and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, medical bills, and other non-pecuniary losses;
    c. Punitive damages for all claims as allowed by law in an amount to be determined at trial;
    d. Pre-judgment and post-judgment interest at the highest lawful rate;

    Respectfully submitted this (26th day of March, 2021) .

By: s/ Delbert Sgaggio DELBERT SGAGGIO

1850 North Academy Blv.

Colorado Springs Colorado 80909

Overclock420@hotmail.com

719 351 0801